367 F.2d 861
 UNITED STATES of America ex rel. Jose Ignacio
MARTIN-GARDOQUI, Relator-Appellant,
v.
P. A. ESPERDY, District Director of Immigration and
Naturalization of the United States of the New York District
or such other person, if any, as may have the said Jose
Ignacio Martin-Gardoqui in custody, Respondent-Appellee.
 No. 193, Docket 30826.
 United States Court of Appeals Second Circuit.
 Argued Oct. 7, 1966.
Decided Oct. 31, 1966.
 
 Julius C. Biervliet, Mount Vernon, N.Y. (Mary B. Tarcher, New York City, on the brief), for relator-appellant.
 Francis J. Lyons, Sp. Asst. U.S. Atty., Southern Dist. of New York (Robert M. Morgenthau, U.S. Atty. and James G. Greilsheimer, Sp. Asst. U.S. Atty., on the brief), for respondent-appellee.
 Before SMITH, HAYS and FEINBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an August 12, 1966 order of Judge Herlands in the Southern District of New York, dismissing relator's writ of habeas corpus. We find no error and affirm the judgment.
 
 
 2
 Relator, a forty-three year old male alien, is a native and citizen of Spain. He most recently entered the United States on or about November 1953. He is married to a United States citizen and has five citizen minor children. On October 9, 1959 he was convicted in New York State of robbery in the first degree, and on November 25, 1959 was sentenced to prison for a term of not less than ten, nor more than twenty, years. On May 11, 1966 relator was paroled to the Immigration Service for deportation proceedings.
 
 
 3
 Relator seeks relief under 8 U.S.C. 1254(a)(1) which allows the Attorney General, in his discretion, to suspend deportation if, among other matters, the alien has been physically present in the United States for seven years and is of good moral character. Appellant was in the United States more than seven years, but by 8 U.S.C. 1101(f)(7) his confinement for more than 180 days precluded any finding of good moral character. Thus, there was no room for an exercise of discretion by the Attorney General. Hence, relator's arguments about abuse of discretion are irrelevant to the claim for suspension of deportation under 1254.
 
 
 4
 Appellant also relies on 8 U.S.C. 1255. This provision allows for an adjustment of status from that of an alien to that of a permanent resident if the alien is eligible to receive a visa and is admissible to the United States as a permanent resident. Appellant is excludable because of his crime involving moral turpitude. However, by 8 U.S.C. 1182(h) the Attorney General may waive that ground. In this case, appellant's petition was denied. In the light of his felony conviction for a particularly serious crime of violence, we cannot say that such denial constituted an abuse of discretion. Cf. Wong Wing Hang v. Immigration and Naturalization Service (Esperdy), 360 F.2d 715 (2d Cir. 1966.9 Here consideration was given to the family situation, but the criminal history was held to outweigh it. We cannot say that the Attorney General must ignore the record and waive this ground for exclusion in every case of close citizen family ties. Relator's argument essentially is that the law is wrong, that criminal convictions should be wiped from the slate for all purposes once a sentence has been partially served and parole granted. This is an argument better addressed to the Congress.
 
 
 5
 The judgment dismissing the writ of habeas corpus is affirmed.